UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **2138 MAG, LLC,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff** | ) | **CIVIL ACTION NO. _____** |
| **VERSUS** | ) | |
| | ) | |
| | ) | **SECTION "___" (___)** |
| **CIMARRON UNDERGROUND, INC.,** | ) | |
| **ZURICH AMERICAN INSURANCE CO.,** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, 2138 Mag, LLC, who in this Complaint respectfully avers as follows:

**JURISDICTION**

1.

This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332. The parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.

2.

Personal jurisdiction is satisfied because the actions and omissions of Defendant, Cimarron Underground, Inc. (hereinafter "Cimarron"), giving rise to Plaintiff's claims occurred in the Parish of Orleans, State of Louisiana.

**VENUE**

3.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff owns immovable property located in the Parish of Orleans, State of Louisiana and this property was damaged by the actions and omissions of Cimarron.

## PRESCRIPTION

4.

Plaintiff's claims against Defendants are timely pursuant to Louisiana Civil Code Article 3493. Plaintiff first noticed potential, structural damages to the property located at 2138 Magazine St., New Orleans, Louisiana, on January 21, 2016, less than a year from filing this Complaint.  Plaintiff did not receive confirmation of structural damages to this property until February 2016, also less than a year from filing this Complaint.  Cimarron promised Plaintiff on more than one occasion that it would repair tile damages to Plaintiff's property; Plaintiff reasonably relied upon this promise and did not conduct any repairs, despite the promise never coming to fruition.

## PARTIES

5.

Plaintiff, 2138 Mag, LLC, is a Louisiana limited liability company domiciled and with its principle place of business in Louisiana.  Plaintiff is the owner of the immovable property located at 2138 Magazine St., New Orleans, Louisiana.

6.

Defendant, Cimarron Underground, Inc., is a Kansas corporation with its principle place of business in Kansas.  Cimarron committed the actions and omissions with regard to Plaintiff's immovable property located at 2138 Magazine St., New Orleans, Louisiana, which give rise to the claims in this Complaint.

7.

Defendant, Zurich American Insurance Co. (hereinafter "Zurich"), is a New York corporation with its principle place of business in Illinois. Upon information and belief, Zurich is the insurer of Cimarron with regard to Cimarron's actions and omissions, which caused Plaintiff's damages as set forth in this Complaint.

**FACTUAL ALLEGATIONS**

8.

Defendants are liable to the Plaintiff for all appropriate damages, for all legal interest from the date of judicial demand until paid, and for all costs and attorneys' fees incurred in these proceedings for the following reasons:

9.

Plaintiff's immovable property located at 2138 Magazine St., New Orleans, Louisiana (the "Property") is a commercial rental building that was reconstructed after Hurricane Katrina and the recipient of an award from The Historic Districts Land Commission in 2006 for the high quality of this historic renovation.

10.

Upon information and belief, Cimarron was hired by persons and/or entities unknown to Plaintiff to conduct construction activities, including but not limited to demolition, excavation, and installation of gas or other utility lines, immediately adjacent to Plaintiff's Property. Plaintiff will amend this Complaint to include the name of the persons and/or entities responsible for hiring Cimarron for this work once the name is ascertained through discovery.

11.

In carrying out the installation of the above-referenced utility lines, Cimarron utilized a backhoe and excavated a large hole, over four-feet deep, immediately next to and exposing the foundation of Plaintiff's Property.

12.

During Cimarron's construction work next to Plaintiff's Property, Cimarron damaged antique tile and mortar work at the entrance and threshold of the Property.  Agents of Cimarron at the worksite conceded this damage to Plaintiff and promised to Plaintiff on multiple occasions to repair this damage.  To date, no repairs or compensation have been made by Cimarron to Plaintiff regarding this damage.

13.

On January 21, 2016, Plaintiff first noticed what appeared to be structural damage to the Property, including but not limited to cracking on the interior and exterior of the Property at the corner where Cimarron conducted its work.  This damage was not present prior to Cimarron's construction work.

14.

Following the discovery of damages to the Property, Plaintiff immediately contacted engineering and inspection consultants to determine whether the Property was structurally damaged by Cimarron's construction work.  In February 2016, these consultants confirmed to Plaintiff that the Property was in fact structurally damaged by Cimarron's construction work.

15.

Plaintiff attempted to amicably resolve the damages to the Property with Defendants, to no avail.

16.

Cimarron, as the entity who caused the damages to the Property, and Zurich, as the insurer of Cimarron, are liable to Plaintiff for all damages suffered as set forth herein.

## COUNT I – STRICT LIABILITY

17.

Plaintiff repeats without restatement all of its allegations contained in Paragraphs 1 through 16.

18.

The construction site immediately adjacent to Plaintiff's Property, where Cimarron conducted its demolition, excavation, installation, and other construction activities and omissions, was at all times in the custody and garde of Cimarron.

19.

Cimarron's construction site contained ruin, vices, and/or defects; therefore, Defendants are strictly liable to Plaintiff for the damages caused by Cimarron's construction activities and omissions to the Property. La. Civil Code arts. 2317, 2317.1.

## COUNT II – NEGLIGENCE

20.

Plaintiff repeats without restatement all of its allegations contained in Paragraphs 1 through 19.

21.

Defendants are liable to Plaintiff for damages caused by Cimarron's negligent actions and omissions in connection with Cimarron's construction activities immediately adjacent to the Property. La. Civ. Code arts. 2315, 2317, 2317.1.

22.

Cimarron knew, or in the exercise of reasonable care should have known, of the ruin, vices, and/or defects of its construction site and construction activities and omissions and that such would cause Plaintiff's Property damages.

23.

The damages complained of and suffered by Plaintiff's Property could have been prevented by Cimarron's exercise of reasonable care, but Cimarron failed to exercise reasonable care.

24.

Despite the duty owed by Cimarron to Plaintiff, Cimarron failed to exercise reasonable care with regard to the construction site adjacent to the Property, and Cimarron's failure to exercise the requisite degree of care is a direct cause of the Plaintiff's damages.

25.

Plaintiff's damages occurred because Cimarron did not exercise the high degree of care required by it in conducting the construction, demolition, excavation, and installation activities adjacent to Plaintiff's Property.

26.

Plaintiff reserves its rights to amend this Complaint to add additional claims and bases for damage if and as any such information is learned through discovery.

**JURY TRIAL DEMAND**

27.

Plaintiff requests trial by jury on all disputed issues of fact.

**PRAYER FOR RELIEF**

28.

WHEREFORE, Plaintiff prays:

A.   That, after due proceedings are had, there be a judgment in this matter in favor of
     Plaintiff and against Defendants, declaring that the Defendants are liable to the
     Plaintiff for full and fair compensatory damages resulting from Cimarron's
     construction, demolition, excavation, and installation activities, which occurred
     immediately adjacent to the Property; and

B.   That the Defendants be charged with reimbursing the Plaintiff for all taxable costs
     and reasonable attorneys' fees incurred in the prosecution of this action, and for the
     legal interest owed on all damages from the date of judicial demand until fully and
     finally paid.

Respectfully submitted:

THE WHITAKER LAW FIRM, APC

*/s/ Alexis A. Butler*

Alexis A. Butler (La. Bar No. 32376)
201 St. Charles Ave.
Suite 2500
New Orleans, Louisiana 70170
Telephone: (504) 313-0168
Fax: (831) 624-5509
Email: lexybutler@whitakerlaw.net

ATTORNEY FOR PLAINTIFF

Dated: January 19, 2016.

7